{¶ 19} I respectfully dissent. I would affirm summary judgment for appellee, Dr. Vicki M. Bertka, and her employer, Fallen Timbers Family Physicians, Inc. because appellant, Morris G. Sutherland, did not provide expert testimony establishing that Dr. Bertka, a family practice physician, violated the applicable standard of care. The trial court properly ruled Dr. Taekman's affidavit insufficient to establish a genuine issue of material fact, because it was less specific than that found wanting inVan Gunten v. Salem, M.D. (June 23, 2000), 6th Dist. No. L-99-1291.
 {¶ 20} The majority reads the following language from paragraph 8 of Dr. Taekman's affidavit as creating material issues of fact: "The medical care provided to Cheryl Sutherland in 1998 fell below accepted standards of medical care and treatment when [appellee] failed to timely recognize the fact that, despite obvious symptoms, Cheryl S. Sutherland was suffering from a perforated bowel that required immediate surgical intervention."
 {¶ 21} Yet it is important to recognize that Dr. Bertka is a board certified family practice physician licensed in Ohio. Dr. Taekman is a California licensed general surgeon. Ohio law allows for a witness to qualify as an expert witness in a specific field provided that the non-specialist expert is sufficiently familiar with the field of expertise. In a medical malpractice action, it must be demonstrated that a defendant physician failed to use the degree of skill, care and diligence that a physician of the same medical specialty would employ in similar circumstances. SeeBruni v. Tatsumi (1976), 46 Ohio St.2d 127. There is nothing within Dr. Taekman's affidavit which specifically states that he was familiar with the standard of care applicable to family practitioners. He is a board certified general surgeon who spends 75 percent of his time in active clinical practice. He states that after reviewing Mrs. Sutherland's medical records, it is his opinion that the care provided by all defendants in the case fell below "the accepted standards of medical care and treatment." Nevertheless, there is nothing specifically to say how Dr. Bertka, who treated Mrs. Sutherland solely as a family practice doctor, violated the standard of care expected from a family practice doctor.
 {¶ 22} We should not create issues of fact regarding liability simply because a physician has her name on the chart as a treating physician and another doctor concludes, without specificity, that she was negligent. Because appellant has offered no competent expert testimony to show how this doctor fell below the standard expected of family practice doctors, let alone that she did so, I would affirm the judgment below.